[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Quinnipiac College has filed a motion for Summary Judgment as to plaintiff Gary Heibling's claim for compensation for injuries which he allegedly sustained while using an exercise machine at Quinnipiac College.
The basis of the defendant's position in this regard is that the plaintiff bargained away his right to sue by signing a waiver preparatory to using the exercise machine. Defendant Quinnipiac College presents the following excerpts of the release as supportive of its position.
 This release form is a legal document that frees the college of any liability in the event that you injure yourself during one of your workouts.
 I, Gary Helbling . . . in consideration of permission granted to me by Quinnipiac College . . . to use the exercise equipment . . . do release. Quinnipiac College . . . from any and all claims, legal actions . . . arising out of any physical injury to me resulting from my use of exercise equipment.
Plaintiff Gary Helbling opposes the motion for summary judgment. Attached to the plaintiffs opposing papers is his affidavit in which he attests that when he signed the release he understood it mean that he was relieving the college of claims for his own negligence in handling the equipment.
A review of the waiver must be undertaken in context of the CT Page 10759 general rule that a contract is to be interpreted according to the intent expressed in [its] language and not by an intent the court may believe existed in the minds of the parties . . . (citations omitted) Levine v. Massey, 232 Conn. 272, 278 (1995).
Applying this standard to the first excerpt, namely freeing the college from ". . . any liability in the event that you injure yourself . . ., "the court finds that this language may be interpreted as releasing the college from liability for injuries which the plaintiff may cause to himself, and not for injuries that may result from actions or inattentions by the college.
The second excerpted part of the release refers to ". . . any and all claims . . . from my use of exercise equipment." Any interpretation of this language so as to preclude the plaintiffs claim — especially where there is no explicit language releasing the college from its own negligence, if any, Bashura v. StrategyPlus. Inc., 21 Conn. L.Rptr. (Corradino, J.), — would be inapposite to the principle that "[the law does not favor contract provisions which relieve a person from his own negligence.Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 413
(1982).
From the affidavit submitted by the plaintiff and an interpretation of the provisions of the release according to the foregoing standards of construction, the court finds that a genuine issue of material fact does exist as to whether the "release" document exonerates Quinnipiac College from the claims in this litigation.
Accordingly, the motion for summary judgment is denied.
Clarance J. Jones, Judge CT Page 10760